ADDIE O. JAMES, APPELLEE, v. DAVID D. JAMES, APPELLANT.

FILED MARCH 27, 1919. No. 20354.

1. **Divorce:** CONDONATION: AVOIDANCE. The conduct of a husband towards his wife, which would not alone support a decree of divorce on the ground of extreme cruelty, may nevertheless be sufficient to avoid a condonation extended to the husband by the wife for such cruelty.

2. ————: ALIMONY: SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* to sustain the decree of divorce and the amount allowed for alimony.

APPEAL from the district court for Rock county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*E. J. Clements* and *A. S. Moon*, for appellant.

*J. A. Douglas* and *J. A. Donohoe*, contra.

LETTON, J.

This is an action for divorce brought by a wife on the ground of extreme cruelty. A decree of divorce was awarded her, with permanent alimony in the sum of $7,500. Defendant appeals from the decree of divorce and from the judgment for alimony.

At the time of the marriage, defendant was a widower about 44 years of age, a farmer and ranchman living in Rock county. He had two children, twins, about 5 years old at that time. Plaintiff was a widow about 37 years of age. She had been married twice before. She had three children by her first husband, two daughters of the ages of 16 and 8 years, respectively, and one son of about 14 years. About 18 months after the death of her first husband, plaintiff married again, but a few years afterwards obtained a divorce on the ground of desertion. At the time she was married to defendant, she had little or no property, except a Kinkaid homestead and some household furniture.

At the time of the marriage, defendant had a ranch of about 1,800 acres, and a large amount of personal

property.   At the trial it was stipulated that defend-
ant's net worth at that time was $47,500; his property
consisting of 2,400 acres of unincumbered real estate
in Brown and Rock counties, and a small amount of
live stock and implements.

After the marriage plaintiff with her children lived
upon the ranch.   Trouble soon occurred between the
parties.   Both seem to be of strong will and determina-
tion, somewhat high tempered, and neither was very
choice in the use of language toward the other.   Each
accuses the other of using foul language and physical
violence in some of their altercations, but the evidence
seems to show that the husband provoked the trouble
in most instances.   On one occasion the plaintiff with
her children left the home on account of his cruel treat-
ment, but afterwards, upon his earnest solicitation, and
upon his payment to her of $3,000, she consented to
return on his agreement to treat her more kindly in the
future.

After her return matters seemed to be pleasant
enough until early the next year, when he would occa-
sionally become sullen and refuse to speak to plaintiff,
sometimes for a week or longer.   He would become
angry, and would not speak to the children, would
ignore them, and after one of these disagreements,
plaintiff went to Long Pine and remained there a few
weeks, living in a house she had purchased with a part
of the money she had received from him.   When she
went back to the ranch trouble again ensued, he swore
at her, used opprobrious epithets, and finally matters
became so unpleasant that plaintiff was compelled to
leave with her children.

Defendant insists that there is not sufficient testimony
to justify the granting of a decree of divorce, mainly
for the reason that, even though he might have been
guilty of cruelty before his wife left the first time,
this was condoned by her returning to his home and
resuming marital relations, and there is not sufficient
evidence of cruelty thereafter to sustain a decree.

It is a well-known principle that after a condonation a recurrence of the same offenses will revive the acts condoned so far as their legal effect is concerned. *Heist v. Heist,* 48 Neb. 794. Considering the testimony as to conduct after the condonation, while it does not show physical violence to the extent shown before the reconciliation, we are convinced that there is enough evidence of cruelty to justify the court in considering defendant's conduct during the whole time of the marriage relation, and to justify a decree of divorce.

It is unnecessary to restate the principles governing the allowance of alimony, but, unless there has been an abuse of discretion on the part of the district court, this court will not ordinarily interfere with the amount awarded. *Wilde v. Wilde,* 37 Neb. 891; note 2 to *Van Gorder v. Van Gorder,* 44 L. R. A. n. s. 998 (54 Colo. 57). Considering all the facts and circumstances in evidence, proper to be considered in determining the amount of alimony, a majority of the court are of the opinion that the amount allowed is not excessive.

Affirmed.

Sedgwick and Cornish, JJ., not sitting.